IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCE FARIDANI<br><br>Plaintiff,<br><br>v.<br><br>MCKENNA CAPITAL, LLC, RYAN MCKENNA, SEAN MCKENNA, ENG TAING, TOUZI CAPITAL LLC, RYAN BEATTY, JULIE JING CHENG, HENG TAING, QIAN (CHEN) TAING, JENNY TAING, AND YUAN HENG,<br><br>Defendants,<br><br>and<br><br>EMILY MCKENNA and JILLIAN MCKENNA,<br><br>Relief Defendants. | Case No. 1:24-cv-08030<br><br>Judge Franklin U. Valderrama |

## ORDER

Plaintiff Vince Faridani (Faridani), an investor motivated by the prospects of entering the burgeoning field of cryptocurrency mining, invested a significant amount of capital into a venture presented by Ryan McKenna, Sean McKenna, and McKenna Capital (the McKenna Defendants). R.[1] 19, Am. Compl. After Faridani suffered substantial losses from his investment, he sued the McKenna Defendants and others, alleging that Defendants coordinated a scheme to mislead and defraud investors, such as himself, as part of a cryptocurrency mining investment venture. *See generally* Am. Compl. Faridani also names two "relief defendants," Emily McKenna and Jillian McKenna (Relief Defendants), alleging that Defendants Sean McKenna and Ryan

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

McKenna, their respective husbands, transferred to them the ill-gotten funds from the cryptocurrency scheme.

The McKenna Defendants move to dismiss Faridani's complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b), arguing that Faridani lacks standing, fails to state claim for relief, and fails to plead his fraud claims with the requisite specificity. R. 32, McKenna Defs. Mot. Dismiss. The Relief Defendants separately move to dismiss under Rules 12(b)(1) and 12(b)(6), arguing that the Court lacks subject-matter jurisdiction over Faridani's claims and that Faridani fails to state a claim against them. R. 52, Relief Defs. Mot. Dismiss. For the reasons stated below, the Court grants in part and denies in part the McKenna Defendants' motion to dismiss and denies the Relief Defendants' motion to dismiss.

## Background

To understand Faridani's complaint, an understanding of the history of the parties' relationship becomes necessary. Faridani alleges that the relationship began around November 2021, when he received an email from Defendants touting the potential profitability and security of their new cryptocurrency mining venture, enticing potential investors through the purported "soundness and future success of their investment." Am. Compl. ¶ 27. This email, Faridani asserts, "played a significant role" in his decision to invest in Defendants' venture. R. 53, Resp. McKenna Defs. Mot. Dismiss at 12. Over the next six months, Faridani states that Defendants continued to communicate via "email exchanges, webinars, and direct communications," describing the cryptocurrency venture as highly lucrative, stable, and promising. Am. Compl. ¶¶ 27-29. Faridani specifically points to five separate patterns of communications in which Defendants knowingly exaggerated, fabricated, and misrepresented the nature of their venture, soliciting further investment and placating existing investors. *Id.* ¶¶ 27-32. But according to Faridani, the truth was a far cry from the picture painted by Defendants in their communications: he claims that "the venture failed to deliver on nearly accounts," and that the "advancements touted by Defendants either did not materialize or fell significantly short of the promised capabilities." *Id.* ¶ 32. So too, then, did Faridani's investment fail to materialize, leading to his "substantial financial loss." *Id.* ¶ 33. Faridani contends that Defendants are directly to blame for his financial loss: "[t]hrough false promises and manipulated information, Defendants induced [Faridani] to invest under false pretenses." *Id.* ¶ 34.

Faridani, proceeding *pro se*, brings a seven-count complaint against Defendants, asserting claims for federal securities fraud (Count I); violation of Illinois

2

Securities Law (Count II); fraud and deceit (Count III); breach of contract (Count IV); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count V); negligent misrepresentation (Count VI); unjust enrichment (Count VII). The McKenna Defendants move to dismiss Faridani's complaint for lack of standing and failure to state a claim under Rule 12(b)(6) and failure to plead fraud with requisite specificity under Rule 9(b). The Relief Defendants move to dismiss Faridani's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). Both fully briefed motions are before the Court.

## Legal Standard

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014). When deciding a facial challenge to subject matter jurisdiction—that is, when the defendant argues that the plaintiff's allegations as to jurisdiction are inadequate—"the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But district courts may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Taylor v. McCament*, 875 F.3d 849, 853 (citing *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)). In that case, "no presumptive truthfulness attaches to plaintiff's allegations," and the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Apex Digit.*, 572 F.3 at 444 (cleaned up).

A motion to dismiss under Rule 12(b)(6), on the other hand, challenges the sufficiency of the complaint. *Hallinan*, 570 F.3d at 820. To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, claims alleging fraud must also satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). And Rule 9(b)'s heightened pleading standard applies to securities fraud claims and fraud claims brought under the Illinois Consumer Fraud and Deceptive Business Practices Act. *Cornielsen v. Infinium Cap. Mgmt.*, LLC, 916 F.3d 589, 598 (7th Cir. 2019) (securities fraud); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (Illinois Consumer Fraud and Deceptive Business Practices Act). Generally speaking, Rule 9(b) requires a complaint to "state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (cleaned up).[2] Put differently, a complaint "must describe the who, what, when, where, and how of the fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) (cleaned up).

## Analysis

### I. The McKenna Defendants' Motion to Dismiss

The Court begins with the McKenna Defendants' motion to dismiss. In their motion, the McKenna Defendants advance several arguments for dismissal of Faridani's seven claims.[3] The Court addresses each argument in turn.

#### A. Counts I, II, III, and V

In Counts I, II, III, and V, Faridani alleges Federal Securities Fraud (Count I); violation of Illinois securities law (Count II); fraud and deceit (Count III); and violation of the Illinois Consumer Fraud and Deceptive Business Practice Act (Count V). The McKenna Defendants argue that Counts I, II, and V should be dismissed due

---

[2]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

[3]The McKenna Defendants state that the Private Placement Memoranda (PMM) impose Wyoming Choice of Law Provisions, and therefore additionally include Wyoming law in support of their arguments. *See* McKenna Defs. Mot. Dismiss at 2 n.3. Neither party argues that Wyoming law conflicts with Illinois law, nor has the Court found the two states' laws to conflict concerning the claims presently at issue. Therefore, the Court uses federal and Illinois law to support its analysis in this Order.

4

to Faridani's lack of standing, and that Counts I, II, III, and V should be dismissed for Faridani's failure to plead fraud with requisite specificity under Rule 9(b).

### 1. Standing (Counts I, II, and V)

Faridani brings Count I under Section 10(b) of the Securities Exchange Act (Exchange Act), which, in relevant part, provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange . . . To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

17 C.F.R. §240.10(b)-5.

"To state a claim under Section 10(b) a plaintiff must allege: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) causation." *Pension Trust Fund for Operating Eng'rs v. Kohl Corp.*, 895 F.3d 933, 936 (7th Cir. 2018).

Faridani alleges that the McKenna Defendants "misrepresented and omitted material facts related to the investment's value, the risks associated with the investment, the operational status of the cryptocurrency mining venture, and the use of investor funds" and that Faridani "relied on Defendants' representations in deciding to invest and subsequently maintain their investments in the venture." Am. Compl. ¶¶ 42-43.

The McKenna Defendants argue that Faridani lacks standing to pursue a claim under Section 10(b) of the Exchange Act because Faridani fails to include specific allegations of how much he allegedly invested and precisely when he made those investments. McKenna Defs. Mot. Dismiss at 3-4. But the McKenna Defendants misstate the standard. Nowhere in the cases cited by the McKenna Defendants lies the proposition that a plaintiff must plead the specific dates or amounts of his purchases. *See Gurary v. Winehouse*, 235 F.3d 792, 799 (2d Cir. 2000); *DH2, Inc. v. Athanassiades*, 359 F. Supp. 2d 708, 716-17 (N.D. Ill 2005). Rather, Faridani counters that all that is required is a "short and plain statement of the claim." R. 53, Resp. McKenna Defs. Mot. Dismiss at 3. The Court agrees with Faridani.

Faridani claims to have relied upon Defendants' statements and made investment purchases based upon this reliance. This is sufficient. True, a purchase

5

that occurred *before* the alleged misrepresentation is insufficient to establish the requisite "connection" under Section 10(b) of the Exchange Act. *See Gurary*, 235 F.3d at 799 ("[T]hat purchase occurred before any alleged deception began, and therefore could not be in connection with the purchase or sale of a security."); *see also DH2, Inc.*, 359 F. Supp. 2d at 716-17. Here, though, Faridani *never* states that he made the purchase *before* he received the communications. Instead, he contends that "Plaintiff, relying on the detailed and seemingly well-substantiated projections provided by Defendants, was led to believe in the high profitability and low-risk nature of the venture, prompting his investment decision." Am Compl. ¶ 31. He further details that "Defendants' November 23, 2021 email, promising security and high returns, played a significant role in Plaintiff's decision to invest." R. 53, Resp. McKenna Defs. Mot. Dismiss at 12. These pleadings are sufficient for the Court to find that Faridani has adequate standing under the Exchange Act.

The McKenna Defendants' argument as to Faridani's lack of standing to bring Counts II and V—for securities fraud under Illinois law—fail for the same reason. *See Yash Venture Holdings, LLC v. Moca Financial, Inc.*, 115 F.4th 651, 660 (7th Cir. 2024) (setting out requirements for Illinois securities fraud claim, including the establishment of a connection between the misrepresentation or omission and the purchase or sale of a security). Faridani adequately pled the requisite connection for his fraud claims: namely, that Defendants misrepresented the investment and that he relied upon this misrepresentation to his detriment. Accordingly, the McKenna Defendants' argument as to Faridani's lack of standing falls short.

### 2. Failure to Plead With Requisite Specificity Under Rule 9(b) (Counts I, II, III, and V)

The McKenna Defendants next assert that Faridani's fraud claims—Counts I, II, III, and V—should be dismissed because they fail to contain sufficiently detailed allegations as required under Rule 9(b). Recall that a plaintiff alleging fraud must plead the "who, what, where, and how" of the alleged misrepresentation. *See Uni\*Quality, Inc.*, 974 F.2d at 923; *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust*, 631 F.3d at 441–42; *see also Rockford Mem'l Hosp. v. Havrilesko*, 858 N.E.2d 56, 59 (Ill. App. Ct. 2d Dist. 2006) (allegations under Illinois Consumer Fraud and Deceptive Trade Practices Act "must be pled with the same particularity and specificity required in a common-law fraud claim").

The McKenna Defendants argue that Faridani fails to specify several crucial details, including: when and how much he invested, the specific Defendants making each communication, and the method of each communication. The McKenna

6

Defendants' view of Rule 9(b), however, is too restrictive. *See Towers Financial Corp. v. Solomon*, 126 F.R.D. 531, 535 (N.D. Ill. 1989). The Seventh Circuit has rejected the contention that Rule 9(b) requires full-scale fact pleading in a fraud case. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 237 F.R.D. 173, 175 (N.D. Ill. 2006) (citing *Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) ("While Judson's amended complaint does not fully detail the precise circumstances of Carroll's alleged fraudulent conveyances, it sufficiently alleges fraud for the purposes of Rule 9(b)."). Instead, the specificity requirements of Rule 9(b) are imposed to ensure that defendants are apprised of the claimed fraud in a manner sufficient to permit adequate responsive pleadings. *Towers Financial Corp.*, 126 F.R.D. at 535.

Here, Faridani has set forth the communications at issue, the dates of the communications, the contents of the communications, and the methods through which the messages were conveyed. Am. Compl. ¶¶ 27-29. The question then becomes whether Faridani has adequately pled the "who" requirement of Rule 9(b). The McKenna Defendants are correct that Faridani's complaint fails to specify precisely which of the eleven named Defendants sent the communications at issue. *See* McKenna Defs. Mot. Dismiss at 6. However, the Court does not automatically find this fact fatal to Faridani's claims. In his response to the McKenna Defendants' motion, Faridani provides greater detail: "Ryan McKenna, as the CEO of McKenna Capital, orchestrated and promoted misleading narratives about exponential growth and profitability. Similarly, Sean McKenna, in his capacity as COO, leveraged his leadership position to manage the funds raised and lend credibility to the misrepresentation." Resp. McKenna Defs. Mot. Dismiss. At 7. The added detail in Faridani's response sufficiently describes the McKenna Defendants' role for the purposes of establishing the "who" requirement of his fraud claims. *See Morris v. City of Chicago*, 2025 U.S. Dist. LEXIS 161614, at *5 (N.D. Ill. Aug. 20, 2025) ("While it is axiomatic that a plaintiff may not amend his complaint in his response brief, a plaintiff may allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved would entitle him to judgment.") (cleaned up). Moreover, "individualized information about the role of each defendant in the fraud is not necessary, however, when such information is uniquely within defendants' knowledge." *Vicom v. Harbridge Merchant Servs.*, 20 F.3d 771, 778 n. 5 (7th Cir.1994); *see also Judson Atkinson Candies, Inc.*, 237 F.R.D. at 175. All in all, the Court finds that Faridani has adequately stated claims for fraud against the McKenna Defendants under Rule 9(b).

7

The Court finds 1) that Faridani has sufficiently plead a "connection" between the alleged misrepresentations and his investment such that he has standing, and 2) that he has adequately set forth the "who, what, where, and how" of the alleged misrepresentations under Rule 9(b). Accordingly, the McKenna Defendants' motion to dismiss Counts I, II, III, and V is denied.

### B. Count IV

The McKenna Defendants argue that Faridani's failure to include four documents—(1) The Private Placement Memorandum; (2) The Acceptance of Subscription Agreement; (3) Operating Agreement for Touzi Mine Invest, LLC; and (4) Investor Questionnaire Regarding Accredited Investor Status—necessitates dismissal of Count IV. *See* McKenna Defs. Mot. Dismiss at 8-9. The Court is not persuaded by the McKenna Defendants argument that Faridani must have attached certain documents to properly allege his breach of contract claim. Indeed, the McKenna Defendants concede that "there does not appear to be a Seventh Circuit Rule requiring the attachment of the contract in a breach of contract claim." *Id.* at 9.

The McKenna Defendants nevertheless go on to argue that Faridani does not adequately state a cause of action for breach of contract because Faridani "conveniently omits that his investments were made by way of PPMs and related documents, not simply investing monies in response to e-mails and other correspondences." *Id.* at 10. But this argument does not negate the allegation that a contract *did* exist, which the McKenna Defendants are alleged to have breached.

To adequately state a cause of action for breach of contract, Faridani must allege that a contract exists, that he performed his obligations under the contract, that the McKenna Defendants breached the contract, and that Faridani was injured as a result. *Talbert v. Home Sav. Of America, F.A.*, 638 N.E.2d 354, 357, 265 Ill. App. 3d 376, 379-80 (Ill. App. Ct. 2d Dist. 1994). The PMMs seem to govern most (if not all) of the parties' agreements concerning Faridani's investments. Faridani sets forth the terms of the contract, as he understood them, to include obligations of Defendants to, among other things, "operate the cryptocurrency mining venture in a manner that aimed to generate profits for investors, including Plaintiff, within the projected time frames and profitability rates explicitly stated or implied by Defendants." Compl. Para 67. Faridani then alleges that Defendants breached the contract by failing to fulfil their obligations under the contract, including by, "misappropriating or mismanaging Plaintiff's investment funds contrary to the stated purposes." Am. Compl. ¶ 68.

The Court therefore finds that Faridani has adequately stated a claim for breach of contract such that it survives the McKenna Defendants' motion to dismiss.

### C. Count VI

The McKenna Defendants argue that Counts IV and VI are duplicative and cumulative. Faridani does not respond to this argument, thereby waiving any opposition. *See In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016) ("An argument not responded to is ordinarily deemed waived."). Therefore, the Court grants the McKenna Defendants' motion to dismiss Count VI, for negligent misrepresentation, as duplicative and cumulative of Count IV.

### D. Count VII

The McKenna Defendants argue that Count VII—for unjust enrichment—should be dismissed under Rule 12(b)(6) because Faridani has pled causes of action, which, if proven, provide adequate remedies. The theory of unjust enrichment is an equitable remedy based upon a contract implied in law. *Nesby v. Country Mut. Ins. Co.*, 805 N.E.2d 241, 243 (Ill. App. Ct. 2004). Accordingly, because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law. Where there is a specific contract that governs the relationship of the parties, the doctrine of unjust enrichment has no application. *Id.*; *see also Gociman v. Loyola University of Chicago*, 41 F.4th 873, 887 (7th Cir. 2022) (holding that plaintiffs' reference to contract in unjust enrichment claim, even if inadvertent, prevented the unjust enrichment claim from going forward). The parties do not seem to dispute that a contract governs the relationship at issue. Indeed, Faridani referenced the breach of contract in his unjust enrichment claim, thereby defeating his ability to bring the claim. Am. Compl. ¶¶ 89-90. The Court therefore grants the McKenna Defendants' motion to dismiss Count VII for unjust enrichment.

## II. The Relief Defendants' Motion to Dismiss

Faridani alleges that, upon information and belief, Defendants Ryan McKenna and Sean McKenna transferred significant assets derived from the allegedly fraudulent scheme to their respective spouses, Relief Defendants Jillian McKenna and Emily McKenna. Am Compl. ¶ 35. Faridani asserts that these transfers were made with "an intent to safeguard the assets and shield them from recovery efforts by Plaintiff and other defrauded investors." *Id*. The Relief Defendants argue that Faridani's claims against them should be dismissed due to lack of subject-matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6).

Federal courts possess the equitable power to order disgorgement against someone who is not alleged to be a securities law violator if he "has received ill-gotten

9

funds" and "does not have a legitimate claim to those funds." *SEC v. Yin*, 2023 WL 2753094, at *3 (S.D.N.Y. Mar. 31, 2023). That person, referred to as a relief defendant or a nominal defendant, "holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *Id.* The relief defendant's role in a proceeding like this one is circumscribed: "Because the nominal defendant is a trustee, agent, or depositary who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection." *Id.*

The Relief Defendants argue that subject matter jurisdiction over them does not exist because Faridani fails to allege "their involvement, or more importantly, any bona fide relationship or connection to the alleged funds or assets purportedly derived from the alleged fraudulent conduct." Relief Defs. Mot. Dismiss at 4-5. The Court disagrees. To obtain subject-matter jurisdiction over a relief defendant, a court must find that the relief defendant 1) received ill-gotten funds; and 2) do not have a legitimate claim to those funds. *See SEC v. World Capital Market, Inc.*, 864 F.3d 996, 1004 (9th Cir. 2017). Faridani has satisfied this test for purposes of overcoming the Relief Defendants' motion to dismiss. Faridani argues that Ryan McKenna and Sean McKenna raised approximately $40 million from investors, money which then "vanished" when the venture collapsed. Am. Compl. ¶ 29; Resp. Relief Defs. Mot. Dismiss at 4. Upon information and belief, Faridani asserts that Ryan McKenna and Sean McKenna transferred the money raised from investors into their wives' accounts to effectively shield the funds from recovery. Am. Compl. ¶¶ 35-36. Nor does *SEC v. Yin*, relied upon by the Relief Defendants, support their position. *See* Relief Defs. Mot. Dismiss at 4-5. The *Yin* court found that subject matter jurisdiction did not exist over the relief defendant because the relief defendant "disclaimed any ownership interest over the funds . . . [and] attested that he has not received funds from the account, nor does he expect to." *SEC v. Yin*, 2023 WL 2753094, at *3. No such attestation was made here. Instead, the Relief Defendants merely argue that Faridani fails to adequately allege their relationship with the purportedly ill-gotten funds. As explained, the Court disagrees.

The Relief Defendants next argue that Faridani fails to sufficiently state a claim against them under Rule 12(b)(6). Namely, they contend that Faridani neglects to specify the manner in which the Relief Defendants allegedly received the "ill-gotten" funds, the date or time when they would have received the funds, or the specific transactions, bank accounts, or wire transfers allegedly involving the Relief Defendants. Relief Defs. Mot. Dismiss at 5-7. Practically speaking, the Court is perplexed as to how the Relief Defendants would expect Faridani to know such detailed information without discovery. Legally speaking, the Relief Defendants are

10

also off-base. The Relief Defendants themselves lay out the appropriate standard for a motion to dismiss under Rule 12(b)(6): "[a] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly*, 550 U.S. at 555. The complaint does, however, need "more than labels and conclusions." *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Faridani's complaint suffices to state a claim for relief as to the Relief Defendants, as he makes plausible allegations concerning the potential transfer of funds from the McKenna Defendants to the Relief Defendants.

Accordingly, the Court denies the Relief Defendants' motion to dismiss.

## Conclusion

For the foregoing reasons, the Court denies the McKenna Defendants' motion to dismiss Counts I, II, III, IV, and V, grants their motion to dismiss Counts VI and VII (R. 32), and denies the Relief Defendants' motion to dismiss. R. 52. The Court instructs the parties to engage in discovery and refers discovery supervision (including setting all deadlines, resolution of any discovery motion, and resolution of any motion to stay discovery) and settlement matters to Magistrate Judge Holleb Hotaling.

Dated: September 24, 2025

United States District Judge
Franklin U. Valderrama