**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Vince Faridani,<br><br>Plaintiff,<br><br>v.<br><br>McKenna Capital, LLC, Ryan McKenna, an Individual, Sean McKenna, an Individual, Eng Taing, an Individual, Touzi Capital, LLC,<br><br>Defendants. | } | Case No. 1:24-cv-08030 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants MCKENNA CAPITAL, LLC, RYAN MCKENNA, SEAN MCKENNA and Relief Defendants EMILY MCKENNA and JILLIAN MCKENNA, (may be collectively referred to as "Defendants") submit the following Answers and Affirmative Defenses to the First Amended Complaint ("FAC") of Plaintiff Vince Faridani. Each numbered paragraph below corresponds to the identically numbered paragraph of the Amended Complaint. Defendants Answer the allegations as they are directed against them and answer on behalf of themselves. Unless expressly admitted, all allegations are denied.

Defendants and Relief Defendants demand a trial by jury.

## NATURE OF ACTION

1. Defendants deny the allegations of this paragraph of Plaintiff FAC.
2. Defendants deny the allegations of this paragraph of Plaintiff FAC.
3. Defendants deny the allegations of this paragraph of Plaintiff FAC.
4. Defendants deny the allegations of this paragraph of Plaintiff FAC.

## PARTIES

5. Admit.
6. Admit.
7. Admit.
8. Admit.
9. On information and belief, admit.
10. On information and belief, admit.
11. Defendants lack sufficient knowledge from which to either admit or deny these allegations.
12. Defendants lack sufficient knowledge from which to either admit or deny these allegations.
13. Defendants lack sufficient knowledge from which to either admit or deny these allegations.
14. Defendants lack sufficient knowledge from which to either admit or deny these allegations.
15. Defendants lack sufficient knowledge from which to either admit or deny these allegations.

16. Defendants lack sufficient knowledge from which to either admit or deny these allegations.

17. Admit Jilian McKenna is Ryan McKenna's spouse. Deny the balance of these allegations.

18. Admit Emily McKenna is Sean McKenna's spouse. Deny the balance of these allegations.

**JURISDICTION AND VENUE**

19. Admit the allegations regarding citizenship of Plaintiff, Ryan McKenna, Sean McKenna, McKenna Capital, Emily McKenna and Jillian McKena. Defendants lack sufficient knowledge to admit or deny the citizenship of the remaining parties. Deny the balance of these allegations.

20. Deny that the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

21. Deny.

22. Deny.

**STANDARD OF REVIEW**

23. Deny that the Court should give any leniency to Plaintiff's filings.

24. Deny that the Court should give any leniency to Plaintiff's filings.

25. Deny that the Court should give any leniency to Plaintiff's filings.

## STATEMENT OF FACTS

26. Deny that the McKenna Defendants acted in concert with any other Defendant. Deny that the McKenna Defendants made any false statements of fact. Deny balance of allegations in this Paragraph.
27. Deny.
28. Deny.
29. Deny that the McKenna Defendants engaged in any wrongdoing (including but not limited to, fraud, and/or intentional misrepresentations) described in this paragraph, including each of the five bullet points included in the paragraph.
30. Deny.
31. Deny.
32. Admit only that the investment did not yield its potential returns. Deny all other allegations.
33. Deny.
34. Deny.
35. Deny.
36. Deny.

## LEGAL BASIS FOR RELIEF DEFENDANTS

37. Deny.

## COUNT I – FEDERAL SECURITIES FRAUD

38. Defendants incorporate their answers to Paragraphs 1 through 37 as though fully set forth herein as for their answer to Paragraph 38.

39. Deny that Plaintiff has any legally cognizable claims.

40. Deny.

41. Deny, including the subparagraphs.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Defendant lacks sufficient knowledge from which to either admit or deny.

47. Defendant lacks sufficient knowledge from which to either admit or deny.

**COUNT II – ILLINOIS SECURITIES LAW VIOLATION**

48. Defendants incorporate their answers to Paragraphs 1 through 47 as though fully set forth herein as for their answer to Paragraph 48.

49. Deny that Plaintiff has any legally cognizable claims.

50. Deny.

51. Deny, including the subparagraphs.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

**COUNT III – FRAUD AND DECEIT**

56. Defendants incorporate their answers to Paragraphs 1 through 55 as though fully set forth herein as for their answer to Paragraph 56.

57. Deny.

58. Defendants admit only to those duties imposed upon them by law and deny breaching any such duties and further deny Plaintiff has fully and accurately set forth said applicable duties. Defendants deny the remaining allegations including subparagraphs.

59. Deny, including subparagraphs.

60. Deny, including subparagraphs.

61. Deny.

62. Deny.

63. Defendants lack sufficient knowledge from which to either admit or deny.

64. Defendants lack sufficient knowledge from which to either admit or deny.

**COUNT IV – BREACH OF CONTRACT**

65. Defendants incorporate their answers to Paragraphs 1 through 64 as though fully set forth herein as for their answer to Paragraph 65.

66. Deny.

67. Deny, including subparagraphs.

68. Deny, including subparagraphs.

69. Deny.

70. Deny.

71. Deny.

**COUNT V – ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

72. Defendants incorporate their answers to Paragraphs 1 through 71 as though fully set forth herein as for their answer to Paragraph 72.

73. Defendants admit only to the existence of the Illinois Consumer Fraud and Deceptive Business Practices Act, but deny Plaintiff has a legally recognizable cause of action under said statute. Defendants deny remaining allegations in this Paragraph fully and accurately set forth the purpose, goal, and applicability of this statute.

74. Deny, including subparagraphs.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

**COUNT VI – NEGLIGENT MISREPRESENTATION**

Pursuant to the Court's Order of September 24, 2025 (Dkt. No. 126) Count VI of Plaintiff's Amended Complaint was dismissed, thereby not requiring an answer to the allegations contained therein.

**COUNT VII – UNJUST ENRICHMENT**

Pursuant to the Court's Order of September 24, 2025 (Dkt. No. 126) Count VII of Plaintiff's Amended Complaint was dismissed, thereby not requiring an answer to allegations contained therein.

**PRAYER FOR RELIEF**

(Paragraphs 1–24 of Prayer for Relief in Complaint)

95. Defendants deny that Plaintiff is entitled to any of the relief sought, whether legal, equitable, or otherwise.

**AFFIRMATIVE DEFENSE**

1. No Privity / Not a Party to the Contract

Plaintiff's breach-of-contract claim fails because the McKenna Defendants are *not parties* to any contract with Plaintiff. As a result, Plaintiff has not and cannot state a claim for relief against these answering parties. The only operative agreements — the Private Placement Memorandum "PPM" and the Operating Agreement for Touzi Mining Inv, LLC — identify *Touzi Capital LLC*, managed by Eng Taing, as the sole manager and contracting entity.

2. Choice of Law / Improper Forum

The Private Placement Memorandum and Operating Agreement expressly designate *Wyoming law* as governing. Plaintiff's reliance on Illinois law (Illinois Securities Law and Illinois Consumer Fraud Act) is therefore misplaced.

3. Failure to Plead Fraud with Particularity (Rule 9(b))

The Amended Complaint lumps all "Defendants" together and fails to specify *who said what, when, or where*, which violates Fed. R. Civ. P. 9(b) pleading standards.

4. No Misrepresentation Attributable to McKenna Defendants

The McKenna Defendants made *no statements* to Plaintiff and did not solicit his investment; Plaintiff relied on Touzi Capital's and Eng Taing's representations instead.

5. No Scienter / Good-Faith Conduct

Even if Plaintiff relied on general promotional materials, the McKenna Defendants acted

in good faith and had no intent to deceive or manipulate. McKenna Defendants' own capital was invested and exposed to the same market losses.

6. No Proximate Cause / Lack of Causation

Plaintiff's losses, if any, resulted from *Eng Taing's management decisions* and adverse Bitcoin market conditions, not any act or omission of the McKenna Defendants.

7. Economic Loss / Market Risk Assumption

Plaintiff voluntarily assumed the risk of total loss in a higher risk crypto-mining investment. The PPM repeatedly disclosed this risk, defeating any fraud-based theory of recovery.

8. Loss Causation / Intervening Causes

The devaluation of Bitcoin and operational failures by Touzi Capital constitute independent, superseding causes of any loss.

9. Sophisticated Investor / Assumption of Risk

Plaintiff represented that he was a *sophisticated investor* capable of evaluating such offerings and that he relied solely on his own tax, legal, and financial advisers.

10. Unclean Hands

Plaintiff benefited from the same investment through large tax deductions (bonus depreciation) and cannot now claim inequitable loss while keeping those benefits.

11. Estoppel and Waiver

Plaintiff knowingly proceeded under the Offering Documents acknowledging the risks and the identity of the managing party, thereby waiving any claim inconsistent with those disclosures.

12. Failure to Mitigate Damages

Plaintiff failed to mitigate or offset his alleged losses and did not avail himself of remedies in the California receivership action designed to recover assets from Touzi Capital.

13. Ripeness / Lack of Actual Damages

Plaintiff's claimed losses are speculative; the receivership proceedings may yet return capital. Therefore, the claims are not ripe for adjudication.

14. Failure to State a Claim (Rule 12(b)(6))

Even accepting the allegations as true, Plaintiff fails to plead facts establishing a plausible entitlement to relief against McKenna.

15. Failure to Pierce the Corporate Veil

Plaintiff's claims have not and cannot set forth the requisite facts and/or evidence to pierce the corporate veil by establishing there is such a unity of interest and ownership that the separate personalities of the corporation and the parties who compose it no longer exist and circumstances are such that adherence to the fiction of a separate corporation would promote injustice or inequitable circumstances.

16. Statute of Limitations

To the extent Plaintiff's claims relate to 2021–2022 conduct, they may be time-barred under applicable federal, Illinois and/or Wyoming limitations periods.

17. No Fiduciary Duty

McKenna Capital owed no fiduciary duties to Plaintiff; Touzi Capital was the sole manager of the investment entity.

18. Failure to Join Indispensable Parties

Eng Taing and Touzi Capital LLC — the actual managers and fund operators — are indispensable under Fed. R. Civ. P. 19. Plaintiff's claims cannot proceed without them.

19. Failure to Satisfy Statutory Conditions Precedent

Plaintiff failed to undertake requisite actions under state and/or federal laws, prior to the commencement of this action and as conditions precedent to the filing of this action. Therefore some or all of his claims may be barred.

20. Economic Loss Rule

To the extent Plaintiff seeks tort recovery for purely economic losses arising from a contract-like investment, such claims are barred by the economic-loss doctrine under Wyoming law.

**RESERVATION**

21. Defendants reserve the right to amend or supplement existing affirmative defenses and assert additional affirmative defenses as discovery progresses or as facts become known.

**CROSSCLAIMS**

Mckenna Capital, LLC, Ryan Mckenna, Sean Mckenna and Relief Defendants Emily Mckenna and Jillian Mckenna assert the Following Crossclaims against Defendants Touzi Capital LLC And Eng Taing.

## I. Parties and Relationship

1. Crossclaimants, McKenna Capital, LLC, Ryan McKenna and Sean McKenna (collectively, "McKenna Capital") are defendants in this action and were at all relevant times

acting in good faith as investors with Touzi Capital, LLC ("Touzi Capital") and its sole managing member Eng Taing ("Taing").

2. Cross-Defendants Touzi Capital and Taing were the exclusive managers, fiduciaries, and custodians of the various Touzi-branded investment entities, including *Touzi Mining Inv, LLC* and *Touzi Mine Invest, LLC*, and related entities through which Plaintiff Faridani invested.

3. All funds contributed by investors, including any sums from or associated with Faridani, were transmitted directly to bank accounts controlled by Touzi Capital and Taing. McKenna Capital never held, received, or controlled any of those monies.

4. Touzi Capital and Taing possessed sole authority to operate the mining ventures, purchase or host equipment, manage cryptocurrency wallets, and make distributions to investors.

5. On information and belief, Touzi Capital had a duty to Plaintiff, as well as these answering Defendants, to adhere to all applicable state and federal securities laws.

6. To the extent Plaintiff suffered any financial loss, such loss was caused by the mismanagement, misrepresentations, commingling, misconduct, and misuse of investor funds by Touzi Capital and Taing—not by McKenna Capital or Ryan McKenna.

## II. Background and Factual Allegations

7. In *McKenna Capital LLC et al. v. Taing et al.*, No. 23STCV19050 (Cal. Super. Ct. Nov. 22, 2023), McKenna Capital and allied funds sued Touzi Capital and Taing for breach of fiduciary duty, constructive fraud, negligence, breach of contract, unjust enrichment, and fraudulent transfers. The California complaint alleges Touzi Capital and Taing: (a) controlled approximately $54 million in investor money; (b) commingled funds among different Touzi entities; (c) diverted assets for unauthorized purposes; and (d) concealed records and misrepresented the existence and performance of bitcoin-mining operations.

5. On November 20, 2024, the U.S. Securities and Exchange Commission filed *SEC v. Eng Taing and Touzi Capital LLC*, No. 3:24-cv-02179 (S.D. Cal.) alleging a $115 million securities-offering fraud in which Touzi Capital and Taing: (a) raised funds through unregistered securities offerings; (b) commingled investor funds across entities; (c) made false statements about returns, costs, and energy contracts; and (d) misappropriated millions for Taing's personal benefit, including control of crypto wallets holding roughly $14 million in bitcoin.

6. These judicial proceedings seek to correctly place the blame for the operational collapse of the Touzi-branded investments. These proceedings seek to hold Touzi Capital, LLC and Eng Taing liability for the losses of Plaintiff, Vince Faridani's alleged damages, where it belongs—not McKenna Capital.

7. Importantly, McKenna Capital is a major victim of Touzi Capital, LLC's and Eng Taing's wrongdoing. McKenna Capital likewise suffered significant financial losses as an investor and has pursued recovery from Touzi Capital and Taing in multiple forums. McKenna Capital denies any wrongdoing toward Faridani and seeks indemnity and contribution from the true wrongdoers.

## III. Causes of Action

**First Cause of Action — Contractual and Equitable Indemnity**

(Against Touzi Capital LLC and Eng Taing)

8. McKenna Capital incorporates as if fully set forth all previous allegations.

9. McKenna Capital's and Ryan McKenna's relationships with Touzi Capital and Taing arose from joint participation in the Touzi mining offerings, in which Touzi Capital and Taing expressly undertook full management duties.

10. If Plaintiff Faridani obtains any recovery from McKenna Capital or Ryan McKenna arising out of the Touzi mining investments, such liability will have been caused solely or primarily by the acts, omissions, and breaches of Touzi Capital and Taing, including their misrepresentations to investors, diversion of funds, and violation of securities laws.

11. Equity therefore requires Touzi Capital and Taing to indemnify McKenna Capital and Ryan McKenna for all judgments, settlements, and defense costs incurred in this action.

**Second Cause of Action — Contribution**

(Against Touzi Capital LLC and Eng Taing)

13. McKenna Capital incorporates as if fully set forth all previous allegations.

14. In the alternative, should the trier of fact find that McKenna Capital or Ryan McKenna shares any portion of liability to Plaintiff, Cross-Defendants are jointly responsible and must contribute their proportionate share under federal and applicable state law principles.

15. Touzi Capital and Taing's fraudulent acts were the direct, superseding, and proximate causes of any harm alleged by Plaintiff, warranting full or substantial contribution.

**Third Cause of Action — Equitable Subrogation and Declaratory Relief**

(Against Touzi Capital LLC and Eng Taing)

15. McKenna Capital incorporates as if fully set forth all previous allegations.

16. McKenna Capital and Ryan McKenna seek a declaration that: (a) Touzi Capital and Taing bear primary responsibility for any investor losses related to the Touzi mining ventures; (b) McKenna Capital and Ryan McKenna are, at most, passive participants entitled to indemnity or subrogation; and (c) any obligation imposed on them shall be reimbursed by Touzi Capital and Taing.

17. A present and actual controversy exists among the parties as to liability for the alleged losses, and declaratory relief will clarify the parties' respective rights and duties.

**Fourth Cause of Action — Negligence and Breach of Fiduciary Duty**

(Against Touzi Capital LLC and Eng Taing)

18. Touzi Capital and Taing owed fiduciary and managerial duties to all investor participants and to each member of the limited liability companies, in which they invested. That includes McKenna Capital, which is an investor in several investment opportunities. McKenna Capital invested its own funds based on the very same information available to Faridani. Touzi Capital, LLC and Eng Taing breached those duties by commingling assets, misrepresenting performance, and failing to safeguard investor capital

19. Those breaches foreseeably exposed McKenna Capital and its principals to litigation by investors such as Faridani and constitute independent grounds for indemnity and compensatory relief.

## IV. Prayer for Relief

Crossclaimants McKenna Capital, LLC, Ryan McKenna and Sean McKenna request:

1. Full indemnification from Touzi Capital LLC and Eng Taing for any sums adjudged or settled in favor of Plaintiff.
2. Contribution in proportion to fault for all damages, costs, and fees.
3. Declaratory judgment establishing Touzi Capital and Taing's primary liability and McKenna Capital's right to reimbursement of all attorney fees and litigation expenses.
4. Compensatory damages for defense expenses, reputational harm, and fees incurred because of Touzi Capital and Taing's misconduct.

5. Pre- and post-judgment interest, costs, and reasonable attorney's fees as allowed by law; and

6. Such other relief as the Court deems just and proper.

**WHEREFORE**

Defendants and Relief Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety, award Defendants their costs and fees as permitted by law, grant the relief requested in the Crossclaim against Touzi Capital, LLC and Eng Taing, and grant such further relief as the Court deems just and proper.

**GORDON REES SCULLY MANSUKHANI, LLP**

/s Basile Souferis
Basile (Bill) Souferis
(ARDC No. 6310216)
bsouferis@grsm.com
Gordon Rees Scully Mansukhani, LLP
One N. Wacker Dr., Suite 1600
Chicago, IL 60606
P: 312-565-1400
**ATTORNEYS FOR MCKENNA CAPITAL, LLC, RYAN MCKENNA, SEAN MCKENNA and Relief Defendants EMILY MCKENNA and JILLIAN MCKENNA**

**KELLEY CLARKE, PC**

/s/ Matthew Clarke (admitted *pro hac vice)*
Matthew Clarke
(Texas Bar No. 24070965)
matt@kelleyclarke.com
603 E. Broadway Street
Prosper, Texas 75078
972.253.4440
866.611.9852 fax
**ATTORNEYS FOR MCKENNA CAPITAL, LLC, RYAN MCKENNA, SEAN MCKENNA and Relief Defendants EMILY MCKENNA and JILLIAN MCKENNA**

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that I electronically filed the Defendants' and Relief Defendants' *Answers, Affirmative Defenses and Cross-Claims* the Clerk of the Court using CM/ECF system October 8, 2025. Pursuant to Fed. R. Civ. P. 5(b)(3) and the NDIL's Local Rule 5.9, I have thereby electronically served all filing users with a copy of this document. This was served via CM/ECF to all parties of record as listed on CM/ECF.

/s/ Basile Souferis

Basile (Bill) Souferis